REID, Judge.
This is an adoption proceeding brought by Moran Bergeron and his wife Mary S. Ber-geron seeking to adopt a child known as Shelby June Bergeron. The child was born during the marriage of Cecile Raborn Hodges and Frank J.' Hodges on June 17, 1962, but is admittedly the child of Cecile Raborn Hodges and Wilford Arnold Berg-eron. The birth certificate shows that Wilford Arnold Bergeron was registered as the father of the child and this item is not disputed. Attached to the petition for adoption is an affidavit of consent signed by Frank J. Hodges, dated May 16, 1963.
The petition for adoption was filed June 20, 1963 but the order fixing the hearing was not signed until July 23, 1963, and the hearing fixed on August 26, 1963. Service was made on Frank J. Hodges on August 5, 1963. and service was made on the Department of Public Welfare by certified mail and return receipt of the certified mail was signed by the Department of Public Welfare on August 7, 1963 and by letter dated August 9, 1963 the Welfare Department acknowledged receipt of the petition.
An investigation was made by the Department of Welfare and on August 26, 1963 an interlocutory • decree for adoption was rendered and signed by the Judge of the 18th Judicial District Court.
On August 27, 1963 Clyde E. 'Raborn and his wife, -Ethel M. Raborn, filed an opposition to the adoption proceedings on the grounds that they were the legal qualified tutor and under tutrix and that Moran Bergeron and Mary S. Bergeron had no legal relationship to the child, Shelby June Bergeron. This was apparently abandoned because on October 28, 1963 the Raborns filed a motion to annul the interlocutory decree based on the fact that they were the parents of the child’s deceased mother, Cecile Raborn Hodges; service of petition of application for adoption was made on the Department of Public Welfare on August 12, 1963; service was not made on the legal father of the child, Frank J. Hodges, or in the alternative if service were made on him it was at least more than 15 days before August 26, 1963 and that a hearing was had on the petition for adoption and the interlocutory decree entered on August 26, 1963 or less than 15 days after the service on the Department, contrary to law. It further alleged there was no written approval by the Department of Public Welfare or petitioners for reduction of time of hearing after the completion of service on the Department: This motion was .fixed for trial on November 18, 196.3. It was heard in conjunction with habeas corpus proceeding entitled “State of Louisiana Ex Rel. Clyde E. Raborn v. Moran Bergeron” which is on appeal herein bearing appeal number 6402, La.App., 176 So.2d 716. On September 21,- 1964 the Lower Court rendered and signed judgment dismissing the opposition of- Clyde E. Raborn and his wife, Etjiel M. Raborn-. From this judgment the.Raborns have prosecuted this appeal. ■ • •
Appellant has urged two grounds as reasons for the -reversal of the judgment of the Lower Court, which are as follows : •
“1. Service was made on the Depart.ment of Public Welfare by certified mail rather than registered mail as required by the Statutes.
“2. Approval of both the Department of Public Welfare and petitioners (Ap-pellees herein) to a shortening of the time for the hearing was not properly or timely given.”
*715 We shall discuss these points of error in the foregoing order.
There is no question but what the certified copy of the petition was sent to the Department of Public Welfare by certified mail according to the receipt signed in the record, it was received by the Welfare Department on August 7th and not on August 12, 1963 as alleged in the motion. This is more than 15 days prior to the hearing.
Service was made on the legal father Frank J. Hodges on August 5, 1963 according to the sheriff’s returns in the record which is more than 15 days before the hearing. In addition, the said legal father, Hodges, had signed an affidavit annexed to the petition by which he joined in the petition and requested that the Court grant the relief prayed for, which was the adoption.
The Act does require that the petition be forwarded to the Commissioner of Public Welfare by registered mail. LRS 9:425. However, LRS 42:266 provides as follows:
“266. Mailing of notices, documents or communications: registration or certification optional
“Whenever any officer or official of the state of Louisiana is required under any law of the state of Louisiana to mail any notice, document, communication, or any matter of any nature whatsoever by United States registered mail, such officer or official may, at his option, mail such notice, document, communication or other matter by United States certified mail. Acts 1958, No. 375, § 1.”
The Department of Public Welfare raised no objection to this method of service and we do not see how a third person can come in and object to it. The fact remains that the Welfare Department received the notice and made the investigation and on the strength of that investigation, which must have been favorable to the adoption, the Lower Court granted the adoption.
 Plaintiff contends that this LRS 42:266, supra, does not apply because the Clerk of Court is not an official of the State of Louisiana. The Clerk of the District Court in his duties as such, in our opinion, is an official of the State of Louisiana. The Clerk of Court is ex-officio registrar of conveyances and recorder of mortgages and to those extents he may be considered as a local officer. It is true that he is elected by the people from the Parish but he serves officially as a Clerk of District Court which is definitely a branch of the State Government. We, therefore, concur with the District Judge that legal notice was given to the Department of Public Welfare.
With reference to the second contention, namely, that the Department of Public Welfare and petitioners did not agree to the shortening of time, there are consents in the record on the part of the Department of Public Welfare dated August 13, 1963 consenting to the reduction of the 15 days and likewise a consent by the adoptive parents dated November 18, 1963 consenting to the reduction of the time to 15 days. No objection was raised to the shortening of the time by either the adoptive parents or the Department of Public Welfare.
Judgment was rendered on September 21, 1964 and not signed until October 5, 1964. We fail to see where the Raborns have any interest in opposing the adoption on these grounds because they were not parties to the adoption proceedings and the only people who can complain would be the adoptive parents and the Department of Public Welfare, who consented to the reduction.
For these reasons the judgment of the Lower Court is hereby affirmed.
Affirmed.