REID, Judge.
This case is a companion case to Appeal No. 6401 on the docket of this Court entitled, “In Re: Moran Bergeron and Mary S. Bergeron, Applying for Adoption.” La. App., 176 So.2d 713.
The facts involved in the adoption of the minor Shelby June Bergeron were decided by this Court in the Appeal No. 6401 and we will briefly recite that portion which is pertinent to this matter.
The maternal grandfather of the minor child, Shelby June Bergeron, is attempting herein to get custody of that child from the adoptive parents, Moran Bergeron and his wife Mary S. Bergeron. Cecile Ra-born Hodges, now deceased, who was the daughter of Clyde Raborn and Ethel M. Raborn, was the mother of the child Shelby June Bergeron by a connection with Wilford Arnold Bergeron. This fact is not in dispute by either side. The child was born on June 7, 1962, and on or about May 10, 1963 the child was delivered to Moran Bergeron by the mother of the child and Mr. and Mrs. Moran Bergeron have had the child since. It is admittedly true that Frank J. Hodges was not divorced from his wife Cecile Raborn Plodges, and had not filed a suit to disavow the paternity of the child, and under the provisions of the Civil Code was the legal father of the said child.
On May 16, 1963 the said Frank J. Hodges, as legal father of Shelby June *717 Bergeron, executed an affidavit which is attached to the petition for adoption filed by Moran Bergeron by which he joins in said petition and asks that the relief prayed for be granted, namely the adoption by Bergeron.
Subsequent thereto on May 29, 1963 Clyde E. Raborn filed a custody rule in East Baton Rouge Parish which was dismissed July 10, 1963 for lack of jurisdiction. On June 26, 1963 Raborn filed tutorship proceedings in Livingston Parish which was served on Frank J. Hodges June 27, 1963 and on July IS, 1963 judgment was rendered in Livingston Parish confirming Clyde E. Raborn as tutor for the minor Shelby June Bergeron and appointing Mrs. Ethel M. Ra-born as under tutrix. On July 23, 1963, the same date on which the order was signed setting a hearing date for the adoption proceedings in this suit, a habeas corpus proceeding was filed against Moran Bergeron and an order was signed fixing a hearing •on the habeas corpus for August 5, 1963. The hearing was had on August 5, 1963 and on September 21, 1964 the Judge of the Lower Court rendered judgment vacating and annulling the writ of habeas corpus and rejecting relator’s demand. At the same time judgment was rendered granting the adoption. On October 5, 1964 judgment was signed, vacating the writ of habeas corpus and rejecting the demands of the plaintiff Clyde E. Raborn. From this judgment the relators have brought this appeal.
This basically is a contest between the legal maternal grandparents and the natural paternal grandparents of the minor Shelby June Bergeron. No answer was filed by the respondents to the writ but they were personally present when the case was tried.
The facts show conclusively at the time the adoption proceeding was filed the legal father Frank J. Hodges joined in the petition and consented to the adoption. At that time the Raborns had made no appearance in any Court and were not in a position to take any steps whatsoever, although they did attempt on May 29, 1963 to obtain custody in East Baton Rouge Parish, which was dismissed for lack of jurisdiction.
According to the cases cited by both sides the parent has a superior right to the custody of a child over all, except the State which can take custody where it is to the interest of the child. Such being the case and the legal father having consented to the adoption prior to the tutorship proceeding we feel that this consent was a legal consent.
Relator relies on the proposition as a legal tutor of the child by appointment of the Court he is entitled to the custody claiming that the Bergerons have no legal standing because the child was their grandson illegally. The tutorship proceedings were taken obviously as a condition precedent to filing the habeas corpus proceeding. Normally there would be no reason for appointing a tutor unless there was property involved. The inventory shows there was no property whatever.
The relator cites numerous authorities in support of the proposition that the parents have a natural and legal right to the care, custody and control of their children. One of the cases which they rely on very strongly is State ex rel. Simpson v. Salter, 211 La. 918, 31 So.2d 163. In that case the mother had placed her illegitimate child with a third party for adoption and sought by habeas corpus to recover possession of the child. The third parties had begun adoption proceedings in the Juvenile Court in Sabine Parish and filed a plea of lis pendens. The Supreme Court said that the plea of lis pendens was not well founded because the cause of actions were different and did not present concurring jurisdiction. It turned the child over to the mother, stating that the primary obj ect was to determine who was entitled to the cus *718 tody of the child without delay or hindrance on collateral issue.
The facts show that the child was turned over to the possession of Mr. and Mrs. Bergeron by the mother before her death. Mrs. Raborn the grandmother herself testified to this. The Bergerons were holding the child by virtue of the consent of the mother during her lifetime and the consent of the legal father and of the natural father.
Both sides rely on the case of State ex rel. Rothrock v. Webber, 245 La. 901, 161 So.2d 759, which holds: .
“In habeas corpus proceedings of this nature the jurisprudence of our state has consistently recognized the superior right of the natural parent (or parents) to the custody (whether the children be legitimate or illegitimate), unless there is some sound and compelling reason for denying it.”
There is no question but what the respondent is the natural grandfather of the child. We further find nothing in the record to show any intervention or opposition to the proceeding Appeal No. 6401 by the relator herein until after the interlocutory decree had been granted. He is bound to have had knowledge of it and did not seek to stop or enjoin the adoption, although he did file an opposition to it after the interlocutory decree had been granted.
There is no attack made, or any evidence as to any mistreatment of the child by the Bergerons.' .‘The Department of Public Welfare made an investigation and by failing to raise any objection approved of the adoption and that the Bergerons were fit people to have custody of the child.
The Trial Judge had the benefit of this report and of hearing the testimony of the witnesses on the Stand and we see no reason why his judgment should be disturbed.
For these reasons the judgment of the Lower Court is affirmed.
Affirmed.